1 | CARLYLE (CARY) W. HALL III (CA Bar No. 184842; AZ Bar No. 026958)
POLSINELLI SHUGHART PC
2 | Security Title Plaza
3636 N. Central Ave., Suite 1200
3 | Phoenix, AZ 85012
TEL: (602) 650-2000 / FAX: (602) 264-7033
4 | EMAIL: chall@polsinelli.com

5 | RYAN D. LAPIDUS (Bar No. 196838)
DANIEL C. LAPIDUS (Bar No. 227170)
6 | LAPIDUS & LAPIDUS, PLC
177 South Beverly Drive
7 | Beverly Hills, California 90212
TEL: 310-550-8700 / FAX: 310-943-2471
8 | EMAIL: dan@lapiduslaw.com

9 | Attorneys for Plaintiffs CONG WANG, an individual; SEASENG,
INC., a/k/a KMD POWERSPORTS, a California corporation
10

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

CV09-7145 JFW (JEMx)

13 | CONG WANG, an individual; SEASENG,    Case No.
14 | INC., a/k/a KMD POWERSPORTS, a
California corporation,
15
| **COMPLAINT**
16 | Plaintiffs,
| 1.    Civil RICO (18 U.S.C. 1962);
| 2.    Breach of Distributorship
17 | v. | Agreement;
| 3.    Breach of Stock Exchange
18 | ZHEJIANG KANDI VEHICLES CO., LTD., | Agreement;
a/k/a KANDI TECHNOLOGIES CORP, a | 4.    Fraud;
19 | foreign corporation; KANDI | 5.    Interference with Contract;
TECHNOLOGIES CORP., a Delaware | 6.    Abuse of Process;
20 | Corporation, f/k/a STONE MOUNTAIN | 7.    Trade Secret Misappropriation;
RESOURCES INC.; ZHEJIANG | 8.    Lanham Act Unfair Competition
21 | YONGKANG TOP IMPORT AND |        (15 U.S.C. 1125);
22 | EXPORT CO. LTD., a/k/a DINGJI, a foreign | 9.    Unfair Business Practices;
corporation; ZHEJIANG MENGDELI | 10.    Infliction of Emotional Distress;
23 | ELECTRONIC CO., LTD.; a foreign | 11.    Declaratory Relief;
corporation; XIAO MING HU, an individual; | 12.    Injunctive Relief
24 | WANG YUAN HU, an individual, | 13.    Quantum Meruit.
25
26 | Defendants.
| **DEMAND FOR TRIAL BY JURY**
27

28

COMPLAINT

1    Plaintiff Cong Wang, and Plaintiff Seaseng Inc. a/k/a KMD Powersports, by and
2    through counsel undersigned, bring this civil action for damages and equitable and
3    injunctive relief against Defendants, and demanding a trial by jury, complain and allege
4    as follows:

5

6                               **SUMMARY OF ACTION**

7        1.    This action arises out of Defendants' fraudulent and unlawful attempts to
8    take over Plaintiffs' business. Defendants fraudulently induced Plaintiffs to enter into
9    distributorship and stock exchange by promises that Defendants had no intention of
10   fulfilling.    Defendants then proceeded to steal Plaintiff Seaseng Inc.'s corporate
11   documents, including trade secrets and other confidential information, and falsely
12   declared themselves to be the owners of Seaseng. Defendants have employed a variety of
13   unlawful means, including threats of violence on Plaintiff Wang and his family, and
14   frivolous lawsuits, in an attempt to force Plaintiffs to relinquish control of Seaseng to the
15   Defendants.    Plaintiffs bring this action under the Racketeer Influenced and Corrupt
16   Organizations (RICO) Act, and also seek relief for Defendants' violations of the Lanham
17   Act, as well as state law breach of contract and tort claims.

18                            **JURISDICTION AND VENUE**

19       2.    This civil action arises under the laws of the United States.

20       3.    This complaint seeks civil remedies and is filed pursuant to 18 U.S.C. §
21   1964(c).

22       4.    Plaintiffs allege a violation of their rights under Title IX of the Organized
23   Crime Control Act of 1970, as amended, 18 U.S.C. §§ 1961et seq.

24       5.    The Court has jurisdiction over the federal claims under 28 U.S.C. § 1331.

25       6.    The Court has jurisdiction over the state law claims under 28 U.S.C. § 1367
26   because those claims are so related to the federal claim that they form part of the same
27   case or controversy.

28

1       7.     The Court may also have jurisdiction over the state law claims under 28

2 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000,

3 and, unlike Plaintiffs, neither Defendant is a resident of the state of California.

4       8.     Venue herein is proper under 18 U.S.C.A. § 1965(a) and 28 U.S.C.A. §

5 1391(b) because Defendants transact business or are found within this District, and a

6 substantial part of the events giving rise to the claims arose in this District.

7       9.     The activities of the Defendants, as described herein, were within the flow

8 of, were intended to, and did have a substantial effect on the foreign and interstate

9 commerce of the United States.

10                             **PARTIES**

11       10.     Plaintiff Cong Wang ("Wang") is a Chinese citizen residing in California

12 since 2006.

13       11.     Plaintiff Seaseng Inc. ("Seaseng"), also known as KMD Powersports, is a

14 privately held corporation existing under and by virtue of the laws of the State of

15 California, established in May 2006, and registered to do business in California as a

16 motorsport importer.

17       12.     On information and belief, Defendant Kandi Technologies Corporation

18 ("Kandi") is a publicly traded corporation existing under and by virtue of the laws of the

19 State of Delaware, incorporated on March 31, 2004, formerly known as Stone Mountain

20 Resources, Inc. On information and belief, Stone Mountain Resources, Inc. changed its

21 name to Kandi Technologies, Corp. ("Kandi"), on August 13, 2007.

22       13.     On information and belief, Defendant Zhejiang Kandi Vehicles Co., Ltd.

23 ("Kandi China") is a foreign corporation existing under and by virtue of the laws of the

24 People's Republic of China. Defendant Kandi China is a manufacturer of off-road

25 vehicles, which include all terrain vehicles ("ATVs"), utility vehicles ("UTVs") and go-

26 carts (collectively, "Kandi product"). On information and belief, Defendant Kandi

27 acquired Defendant Kandi China as its wholly owned subsidiary on or about June 2007.

28

1    On information and belief, Defendant Kandi conducts substantially all of its operation in

2    China through its wholly owned subsidiary Defendant Kandi China.

3            14.     Defendant Zhejiang Top Import/Export Co., Ltd. ("Zhejiang") is a foreign

4    corporation existing under and by virtue of the laws of the People's Republic of China.

5    On information and belief, Zhejiang was a wholly owned subsidiary of Kandi and/or

6    Kandi China.  On information and belief, Defendants Kandi and/or Kandi China sold

7    Zhejiang to a third party sometime in May 2008.

8            15.     Defendant Zhejiang Mengdeli Electric Co., Ltd. ("Mengdeli") is a foreign

9    corporation existing under and by virtue of the laws of the People's Republic of China.

10           16.     On information and belief, Defendant Xiao Ming Hu ("Xiao Ming") is a

11    Chinese citizen and resident who owns 100% of the shares of Kandi China.  On

12    information and belief, Defendant Xiao Ming is the CEO, President and Chairman of the

13    Board of Directors of Kandi since March 2002.  Defendant Xiao Ming is also the

14    chairman and CEO of Kandi China.

15           17.     On information and belief, Defendant Wang Yuan Hu ("Wang Yuan") is

16    Xiao Ming Hu's son, and a Vice President and Director of Kandi China.

17                         **GENERAL ALLEGATIONS**

18        **A.**     **The Parties' Agreement Regarding Distributorship.**

19           18.     Upon information and belief, starting in 2006, Defendants Kandi, Kandi

20    China, Zhejiang and/or Mengdeli began expanding their presence in the United States,

21    California, by reaching out to various businesses who would be interested in selling

22    Kandi products.

23           19.     Plaintiff Seaseng agreed to act as a distributor of Kandi products, in turn,

24    Defendants Kani, Kandi China, Zhejiang and/or Mengdeli agreed to give Plaintiff

25    Seaseng exclusive representation rights for Defendants' products in California.

26    Defendants provided an authorization letter to Seaseng confirming that Seaseng had the

27    right to distribute Kandi products.

28

1   20.   Defendants further promised to develop ten (10) new product lines annually
2   for Seaseng's exclusive distribution.

3   21.   Defendants represented that they would cooperate with product quality
4   control measures as well as product adjustments and development. Defendants agreed to
5   provide two-year service warranties and free parts to Seaseng for customer service issues.

6   22.   Sometime in early 2007, Defendant Xiao Ming and Plaintiff Wang agreed
7   to swap shares in their respective companies so that Defendants Kandi China and
8   Zhejiang would take ownership interest in Plaintiff Seaseng. Plaintiff Wang would then
9   take 30% ownership interest in Defendants Kandi China and Zhejiang.

10   23.   On February 7, 2007, Defendant Zhejiang issued a one-paragraph
11   document titled "Certificate" stating that Plaintiff Wang owns a 30% interest in Zhejiang.

12   24.   As part of the agreement, Defendants Kandi and Top agreed to contribute
13   $300,000.00 in working capital to Plaintiff Seaseng on or before June 1, 2007 for
14   purposes of advertising and promotion of Kandi products.

15   25.   Defendants Kandi and Top did not remit the $300,000.00 in working
16   capital as promised and thus Plaintiff Seaseng did not issue any share certificates. In the
17   end, Defendant Xiao Ming and Plaintiff Wang, did not issue or exchange any actual
18   certificates of shares to document their exchange and agreement.

19   26.   Plaintiff Wang assisted Defendant Wang Yuan in obtaining a
20   manufacturer's occupational license [# 68885] from the California Department of Motor
21   Vehicles on June 4, 2007.

22   27.   On June 25, 2007, Plaintiff Wang obtained a distributor's occupational
23   license [#68886] to be able to market and sell Kandi products.

24   28.   Beginning in June 2007 through November 2007, Defendants Kandi, Kandi
25   China and/or Zhejiang shipped 56 containers with Kandi products to Plaintiffs Seaseng
26   and/or Wang. This shipment was received without any purchase orders or contracts.

27   29.   In December 2007, Defendants Kandi, Kandi China and/or Zhejiang
28   shipped their second shipment of 70 containers to Plaintiff Seaseng.

1      30.    Plaintiff Seaseng used its own funds to clear customs, pay duties and store
2  the goods.

3      31.    Plaintiff Seaseng received approximately 7 million dollars worth of Kandi
4  products since June 2007, and was actively marketing Kandi products to various
5  dealerships.

6      **B.**    **Defendants' Attempts To Get Rid Of Plaintiff Wang By Taking**
7                **Control Over His Company, Plaintiff Seaseng.**

8      32.    Upon information and belief, in December 2007, Defendant Xiao Ming
9  through Defendants Kandi, Kandi China and/or Zhejiang began negotiating a stock-
10  exchange agreement to acquire yet another company, SunL Group, Inc. ("SunL"), a
11  distributor of ATVs, UTVs, and go-karts, by exchanging these companies' shares with
12  SunL.

13      33.    Defendant Xiao Ming wanted Plaintiff Wang to sell a controlling 51%
14  share to SunL. Defendant Xiao Ming also wanted Plaintiffs Wang and Seaseng to agree
15  to allow SunL to distribute product that was specifically designed and made for Seaseng
16  to distribute.

17      34.    On January 25, 2008, Defendants brought corporate executives of SunL
18  from China to meet with Plaintiff Wang to discuss a potential venture between
19  Defendants Kandi, Kandi China and/or Zhejiang, Plaintiff Seaseng and SunL.

20      35.    At the January meetings, Plaintiff Wang came to discover that Defendants
21  Kandi, Kandi China and/or Zhejiang treated Plaintiff Seaseng as their subsidiary while
22  refusing to acknowledge that Plaintiff Wang had any ownership interest in Defendants
23  Kandi, Kandi China and/or Zhejiang, or that Plaintiff Wang had any interest in proceeds
24  from the sale of Kandi products.

25      36.    Defendants Kandi, Kandi China and/or Zhejiang used Plaintiffs Wang and
26  Seaseng to help them set up their own presence and business in California, to train their
27  employees and to steal from Plaintiff Wang his good reputation and customer base.

28

1    37.   Once they accomplished those goals, Defendants Kandi, Kandi China
2  and/or Zhejiang began looking for ways to take over Plaintiff Seaseng's business and fire
3  Plaintiff Wang.

4    **C.    Defendants' Theft of Plaintiff Seaseng's Corporate Documents.**

5    38.   Plaintiff Wang refused to surrender control over his company to Defendants
6  or to disclaim his interest in the profits earned or to be earned through the sale of Kandi
7  products.

8    39.   Defendants Kandi, Kandi China and/or Zhejiang then stole Plaintiff
9  Seaseng's corporate documents, including but not limited to customer contact lists,
10  customer invoice lists, Seaseng corporate documents and unsigned Seaseng stock
11  certificates.

12    40.   During Plaintiff Wang's lengthy meeting with the representatives of SunL
13  and Defendants Kandi, Kandi China and/or Zhejiang, Defendant Wang Yuan stole
14  Plaintiff Wang's notebook and Plaintiff Seaseng's corporate documents (including
15  business license, blank shares, customer list, and business minutes) – an event that was
16  captured on a surveillance video tape.

17    41.   Plaintiff Wang discovered that Seaseng's documents were missing in early
18  February 2008 and filed a police report on February 6, 2008.

19    **D.    Defendants' Threats And Defendant Zhejiang's First Lawsuit.**

20    42.   In addition to Defendants' theft of Plaintiff Seaseng's corporate
21  documents, in February, 2008, Plaintiff Wang learned that his relatives in China were
22  harassed and threatened by representation of the Defendants.

23    43.   Upon information and belief, Defendants Xiao Ming and Wang Yuan
24  caused a warrant to be issued for Plaintiff Wang's arrest in China under the theory that
25  Plaintiff Wang was an employee of Defendants Kandi, Kandi China and/or Zhejiang and
26  that Plaintiff Wang misappropriated company documents from the Defendants.

27    44.   On or about February 13, 2008, Defendant Zhejiang filed a lawsuit, case
28  number KC052313 ("First Lawsuit"), in the Superior Court of California, County of Los

1 || Angeles, against Plaintiff Wang and Plaintiff Seaseng, stating claims for fraud,
2 || conversion, breach of fiduciary duty, appointment of receiver, accounting, constructive
3 || trust, equitable lien, injunctive and declaratory relief and seeking to take control over
4 || Plaintiff Seaseng.

5         45.    The First Lawsuit, however, was never served on Plaintiffs.

6         46.    Plaintiff Wang did not learn about the First Lawsuit until after it was
7 || dismissed with prejudice by the state court for lack of service and lack of appearance by
8 || the very party who brought it, *i.e.*, Defendant Zhejiang.

9         **E.**    **The Parties' Purported Settlement.**

10         47.    At approximately midnight on February 27, 2008, Defendant Xiao Ming
11 || called Plaintiff Wang's father and threatened Plaintiff Wang's welfare. At approximately
12 || 4:00 a.m. on February 28, 2008, Defendant Xiao Ming demanded that Plaintiff Wang
13 || meet him to sign a promissory note and settlement agreement drafted by Xiao Ming
14 || and/or his attorneys.

15         48.    On February 28, 2008, Plaintiff Wang met with Defendant Xiao Ming who
16 || purported to represent the interests of Defendants Kandi, Kandi China, Zhejiang and
17 || Mengdeli. Plaintiff Wang sought to address any miscommunications, restore control
18 || over his company Plaintiff Seaseng, and to settle any disputes with Defendants.

19         49.    The parties entered into a Settlement Agreement, consisting of
20 || Memorandum (Exhibit A), Payment Plan (Exhibit B), Declaration of Defendants Kandi
21 || China and Zhejiang (Exhibit C), and Declaration of Plaintiff Wang (Exhibit D).

22         50.    In the Memorandum, Plaintiff Seaseng acknowledged the receipt of Kandi
23 || products and promised to return some of the products. With respect to the remaining
24 || Kandi inventory (labeled with Plaintiff Seaseng's trademark), the parties agreed that
25 || Plaintiff Seaseng would pay for these goods according to the terms of the Payment Plan.

26         51.    As part of the settlement, Defendants Kandi China and Zhejiang
27 || acknowledged that they own no shares of Plaintiff Seaseng, and Plaintiff Wang
28 || acknowledged that he likewise owns no shares in Defendants Kandi China or Zhejiang.

1    52.    Following the Settlement Agreement, Plaintiff Seaseng made the following

2 payments to Defendants, timely and consistently with the Payment Plan:

3            a)    On March 7, 2008, Seaseng paid $90,000.00 to Kandi.

4            b)    On March 17, 2008, Seaseng wired $164,256.00 to Kandi.

5            c)    On May 30, 2008, Seaseng paid Kandi $181,850.00.

6    53.    Plaintiff Seaseng also returned the Kandi products/inventory, except those

7 products already branded with Plaintiff Seaseng's trademark/labels, which Plaintiff

8 Seaseng was supposed to continue to distribute and pay for under the terms of the

9 Settlement Plan.

10    **F.    Defendants' Breach of Settlement Agreement, Second Lawsuit and**

11           **Interference with Plaintiff Seaseng's Business.**

12    54.    Despite Plaintiff Seaseng's compliance with the February 28, 2009

13 Settlement Agreement, in July 2008, Defendant Zhejiang filed another lawsuit against

14 Plaintiff Wang and Plaintiff Seaseng, case number CIVRS 806472 ("The Second

15 Lawsuit") in the Superior Court of California, County of San Bernardino, making

16 essentially the same allegations as in its First Lawsuit, including stating that Plaintiff

17 Wang was a salaried employee of Defendants Kandi, Kandi China and/or Zhejiang, and

18 that he had a fiduciary duty to make Seaseng the wholly-owned subsidiary of Defendant

19 Zhejiang, and claiming that the Settlement Agreement should be declared void and

20 rescinded.

21    55.    Plaintiffs Seaseng and Wang had to hire an attorney to defend the Second

22 Lawsuit and incurred substantial attorneys' fees and costs.

23    56.    On or about November 24, 2008, Defendant Zhejiang withdrew its Second

24 Lawsuit, dismissing it without prejudice.

25    57.    Because Defendant Zhejiang denied the validity of the Settlement

26 Agreement when it filed the Second Lawsuit in July 2008, Plaintiff Seaseng suspended

27 his August payment to Defendants Kandi China and Zhejiang under the Payment Plan.

28

1    58.    On or about October 30, 2008, Plaintiffs Seaseng and Wang received a
2  letter from the California DMV stating that their distributor license was canceled; and
3  that these Plaintiffs were not unauthorized to sell Kandi vehicles as of September 2008.

4    59.    Around the same time, Plaintiffs Seaseng and Wang began receiving
5  numerous complaints from the ultimate purchasers of Kandi products regarding their
6  poor quality and performance, missing parts and defects who were seeking Plaintiff
7  Seaseng's assistance with obtaining new parts or receiving refunds.

8    60.    Throughout 2008-2009, Plaintiffs Seaseng and Wang continued to
9  forward/relate these requests for assistance to Defendants Kandi, Kandi China and/or
10  Zhejiang made in accordance with Defendants' warranties – all to no avail.  Defendants
11  refused to send replacement parts to Plaintiff Seaseng and Wang, interfering with
12  Plaintiffs' ability to conduct business.

13    61.    Without a valid dealership license as of September 2008 and unable to
14  service the Kandi products, Plaintiff Seaseng's reputation began to suffer.

15    62.    Plaintiff Seaseng faced increasing storage costs and a slew of customer
16  complaints, which the company was without authority or power to address.

17    63.    Defendants remained unresponsive to Plaintiff Seaseng's concerns.

18    64.    Plaintiff Seaseng had no choice but to liquidate the Kandi products to
19  distributors in Mexico at heavy losses.

20    **G.    Defendants' Final Threats and Harassment of Plaintiff Wang.**

21    65.    On or about December 23, 2008, Hong Feng Zhu ("Zhu"), a bodyguard and
22  driver for Defendant Xiao Ming, appeared at Plaintiff Seaseng's place of business to
23  threaten Plaintiff Wang.

24    66.    Mr. Zhu first met with Neng Da Hu, Plaintiff Wang's friend, and told him
25  that he was "warning" Plaintiff Wang, and that Defendant Xiao Ming had already made a
26  deposit with someone to "take care of Mr. Wang."

27

28

1      67.    Plaintiff Wang was out of the office when this happened but when he came

2  back to the office, Mr. Zhu was still at this office and relayed the same message

3  personally to Plaintiff Wang.

4      68.    On or about December 24, 2008, Plaintiff Wang filed a police report

5  regarding the threats.

6      69.    On or about June 8, 2009, Defendants Kandi China and Zhejiang filed yet

7  another lawsuit, case number CIVRS 906194 ("The Third Lawsuit") in the Superior

8  Court of California, County of San Bernardino, seeking to now enforce the terms of the

9  Settlement Agreement, which these Defendants previously repudiated, and seeking to

10  compel Plaintiffs Seaseng and Wang to pay for the balance of the Kandi products, which

11  they previously refused to accept or service, let alone allow Plaintiffs to distribute.

12                          **CLAIMS FOR RELIEF**

13                          **FIRST CAUSE OF ACTION**

14                          **CIVIL RICO**

15        (Defendants Kandi, Kandi China, Zhejiang, Mengdeli,

16                    Xiao Ming, Wang Yuan)

17      70.    Plaintiffs incorporate each of the foregoing allegations as if fully set forth

18  herein.

19      71.    Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming and Wang

20  Yuan have been engaging in the following activities affecting interstate and foreign

21  commerce, to wit: the manufacture, marketing, sale and service of Chinese-made ATVs,

22  UTVs, and go-karts within the United States.

23      72.    Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming and Wang

24  Yuan combined their efforts as one partnership, association or enterprise ("RICO

25  enterprise") for purposes of:

26          a)    Increasing their share in the market for ATVs, UTVs, and go-karts in

27  the United States through expansion of their operations in the United States; and

28

1        b)      Acquiring, by means of fraud, securities fraud, extortion and
2    harassment, the United States companies who would store, market, distribute, service and
3    be otherwise responsible for Kandi products.

4        73.    Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming and Wang
5    Yuan engaged in racketeering activity when they:

6        a)      Abused process by filing a series of frivolous actions against
7    Plaintiffs Seaseng and Wang for ulterior reasons of harassment, extortion, and
8    interference with Plaintiffs' business;

9        b)      Sought to deprive Plaintiff Wang of his ownership and management
10   rights in Plaintiff Seaseng without valid consideration, essentially ousting him from his
11   own company by means of fraud, intimidation and harassment.

12       74.    The following are some of the predicate criminal acts which constitute a
13   pattern of racketeering activity and which Defendants knowingly committed:

14       a)      Acting for Defendants Kandi, Kandi China, Zhejiang, or Mengdeli,
15   Defendants Xiao Ming and/or Wang Yuan stole corporate documents and/or
16   misappropriated trade secrets from Plaintiffs Seaseng and Wang.

17       b)      Acting for Defendants Kandi, Kandi China, Zhejiang, or Mengdeli,
18   Defendants Xiao Ming and/or Wang Yuan made and/or directed death threats and threats
19   of bodily harm to Plaintiff Wang and/or his relatives, which are punishable as criminal
20   offenses.

21       75.    The above-referenced actions of Defendants Kandi, Kandi China, Zhejiang,
22   Mengdeli, Xiao Ming and Wang Yuan have sufficient continuity so as to pose a threat of
23   continued criminal activity.

24       76.    The above-referenced acts of racketeering, occurring within ten years of
25   one another, constitute a pattern of racketeering activity within the meaning of 18 U.S.C.
26   § 1961(5).

27       77.    Plaintiffs Seaseng and Wang were injured in their business and property by
28   reason of this violation of 18 U.S.C.A. § 1962, in that, as a direct and proximate result of

1  Defendants' complained acts, Plaintiffs suffered damages, including damages to their
2  business, property and person.

3     78.   As a result of actions of Defendants Kandi, Kandi China, Zhejiang,
4  Mengdeli, Xiao Ming and Wang Yuan, Plaintiffs Seaseng and Wang's business
5  reputation and trade name were tarnished; Plaintiffs Seaseng and Wang lost their
6  customers and opportunity to continue as a distributor of the Kandi products in
7  California; and Seaseng and Wang sustained other monetary and emotional losses arising
8  from Defendants' breach of distributorship, ownership, settlement agreements and/or
9  outright scheme by these Defendants to defraud Plaintiffs.

10    79.   Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming and Wang
11 Yuan are liable pursuant to the provisions of the Racketeer Influenced and Corrupt
12 Organizations Act (RICO), alleging a violation of Title 18 U.S.C. § 1962(a), (b), (c) or
13 (d).

14    80.   By reason of the Defendants' violation of 18 U.S.C. § 1962, Plaintiffs are
15 entitled, pursuant to 18 U.S.C. § 1964(c), to threefold the damages sustained, with
16 interest thereof at 10% per annum, and a reasonable attorney's fee in connection
17 herewith.

18    **A.    Violation of 18 U.S.C.A. § 1962(A).**

19    81.   It is unlawful for any person who has received any income derived, directly
20 or indirectly, from a pattern of racketeering activity or through collection of an unlawful
21 debt in which such person has participated, *to use or invest, directly or indirectly, any*
22 *part of such income*, or the proceeds of such income, in acquisition of any interest in, or
23 the establishment or operation of, any enterprise which is engaged in, or the activities of
24 which affect, interstate or foreign commerce. 18 U.S.C.A. § 1962(a).

25    82.   Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming and Wang
26 Yuan are persons within the meaning of 18 U.S.C.A. § 1961(3), who received income
27 derived, directly or indirectly, from a pattern of racketeering activity or through
28 collection of an unlawful debt, in violation of 18 U.S.C.A. § 1962(a).

1   83.   Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming and Wang
2 Yuan used or invested all or part of such income to establish their presence and
3 operations in the United States, which affected interstate and foreign commerce.

4   **B.   Violation of 18 U.S.C.A. § 1962(B).**

5   84.   It is unlawful for any person through a pattern of racketeering activity or
6 through collection of an unlawful debt *to acquire or maintain, directly or indirectly, any*
7 *interest in or control of any enterprise* which is engaged in, or the activities of which
8 affect, interstate or foreign commerce. 18 U.S.C.A. § 1962(b).

9   85.   Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming and Wang
10 Yuan as persons within the meaning of 18 U.S.C.A. § 1961(3), through a pattern of
11 racketeering activity, acquired and maintained, directly or indirectly, an interest and
12 control in enterprise of Plaintiff Seaseng, a California business engaged in interstate
13 commerce, in violation of 18 U.S.C.A. § 1962(b).

14   **C.   Violation of 18 U.S.C.A. § 1962(c).**

15   86.   It shall be unlawful for any person employed by or associated with any
16 enterprise engaged in, or the activities of which affect, interstate or foreign commerce, *to*
17 *conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs*
18 through a pattern of racketeering activity or collection of unlawful debt. 18 U.S.C.A.
19 § 1962(c).

20   87.   Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming and Wang
21 Yuan, as persons within the meaning of 18 U.S.C.A. § 1961(3) and as persons associated
22 with one enterprise, conducted and participated, directly and indirectly, in the conduct of
23 the affairs of the said enterprise through a pattern of racketeering activity in violation of
24 18 U.S.C.A. § 1962(c).

25   **D.   Violation of 18 U.S.C.A. § 1962(d).**

26   88.   It shall be unlawful for any person to conspire to violate any of the
27 provisions of subsection (a), (b), or (c) of section 1962.

28

1    89.    Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming and Wang

2  Yuan knowingly agreed or conspired to operate or manage their combined activities as a

3  RICO enterprise.

4                                **SECOND CAUSE OF ACTION**

5                        **BREACH OF DISTRIBUTORSHIP AGREEMENT**

6                          (Defendants Kandi, Kandi China, Zhejiang)

7    90.    Plaintiffs incorporate each of the foregoing allegations as if fully set forth

8  herein.

9    91.    Defendants Kandi, Kandi China and/or Zhejiang entered into a

10 distributorship agreement with Plaintiffs Seaseng and Wang.

11   92.    Defendants Kandi, Kandi China and/or Zhejiang authorized Plaintiffs

12 Seaseng and Wang to market and sell the Kandi products in California.

13   93.    Defendants Kandi, Kandi China and/or Zhejiang shipped over 100

14 containers of the Kandi products to Plaintiffs in June and December 2007.

15   94.    Defendants Kandi, Kandi China and/or Zhejiang shipped their goods to

16 Plaintiff without any written agreement or documents specifying any of the terms of the

17 parties' distributorship arrangement.

18   95.    Plaintiffs Seaseng and Wang expended substantial time and resources in

19 processing, storing, marketing and selling the Kandi products.

20   96.    By May 2008, at the Defendants' requests, Plaintiffs Seaseng and Wang

21 paid for or returned most of the Kandi products to Defendants Kandi, Kandi China and/or

22 Zhejiang.

23   97.    Before Plaintiffs Seaseng and Wang, however, could distribute the

24 remaining Kandi products, Defendants Kandi, Kandi China and/or Zhejiang withdrew

25 their letter of authorization allowing Plaintiffs Seaseng and Wang to distribute Kandi

26 products.

27   98.    Defendants Kandi, Kandi China and/or Zhejiang refused to service the sold

28 Kandi products thereby damaging Plaintiffs' reputation.

1    99.    Defendants Kandi, Kandi China and/or Zhejiang refused to pay for storage,
2   marketing and otherwise mitigate Plaintiffs' damages arising from unaccounted shipment
3   of 200 containers of product to California.

4    100.   Defendants Kandi, Kandi China and/or Zhejiang breached their express and
5   implied promises to Plaintiffs Seaseng and Wang when they wrongfully terminated
6   Plaintiffs as distributors of Kandi products in California, thereby depriving them of
7   opportunity to make substantial profits.

8    101.   Defendants Kandi, Kandi China and/or Zhejiang breached their express and
9   implied promises to Plaintiffs Seaseng and Wang when they withdrew their authorization
10   of distributorship before Plaintiffs had an opportunity to market and sell all of the
11   Defendants' goods, thereby making it impossible for Plaintiffs to perform their duties
12   under the parties' agreement.

13    102.   Defendants Kandi, Kandi China and/or Zhejiang breached their express and
14   implied promises to Plaintiffs Seaseng and Wang when they refused to service their
15   products, thereby damaging Plaintiffs' reputation and interfering with Plaintiffs'
16   relationship with their customers.

17    103.   Plaintiffs sustained damages as a result of Defendants' conduct.

18                          **THIRD CAUSE OF ACTION**

19                 **BREACH OF STOCK EXCHANGE AGREEMENT**

20                 (Defendants Kandi, Kandi China, Zhejiang, Xiao Ming)

21    104.   Defendant Xiao Ming promised to transfer 30% of his ownership interest in
22   Defendants Kandi, Kandi China, and/or Zhejiang in exchange for Plaintiff Wang's
23   promise to transfer his ownership interest in Plaintiff Seaseng to Defendant Xiao Ming.

24    105.   As part of the agreement, Defendants Kandi and Top agreed to contribute
25   $300,000.00 in working capital to Plaintiff Seaseng on or before June 1, 2007 for
26   purposes of advertising and promotion of Kandi products.

27    106.   Defendants Kandi and Top breached the agreement to contribute the
28   $300,000.00 in working capital

1    107.   Except as other excused or prevented by Defendants, Plaintiffs performed
2    their obligations pursuant to this agreement.

3    108.   Upon information and belief, as a result of the promises to exchange stock,
4    Defendants Kandi, Kandi China, Zhejiang and/or Xiao Ming claimed to own Plaintiff
5    Seaseng.

6    109.   Defendants Kandi, Kandi China, Zhejiang, and Xiao Ming, however, failed
7    to deliver stock certificates to Plaintiff Wang or otherwise recognize his ownership
8    interest in these companies.

9    110.   Because Defendants Kandi, Kandi China, Zhejiang and Xiao Ming
10   breached their agreement, and no stock was exchanged, Plaintiff Seaseng remains a
11   company solely owned by Plaintiff Wang.

12   111.   Plaintiffs sustained damages as a result of Defendants' conduct.

13                          **FOURTH CAUSE OF ACTION**

14                                    **FRAUD**

15              (Defendants Kandi, Kandi China, Zhejiang, Xiao Ming)

16   112.   Plaintiffs incorporate each of the foregoing allegations as if fully set forth
17   herein.

18   113.   Defendants Kandi, Kandi China, Zhejiang and Xiao Ming agreed that
19   Plaintiffs Seaseng and Wang would distribute the Kandi products in California and would
20   receive the resulting profits from the sale of Kandi products in California.

21   114.   In or about February 2007 Defendants Xiao Ming and Wang Yuan
22   represented to Plaintiff Wang that Plaintiff Wang would own 30% interest in Defendants
23   Kandi, Kandi China, or Zhejiang, in exchange for shares of Plaintiff Seaseng.

24   115.   Defendants Kandi, Kandi China, Zhejiang and Xiao Ming subsequently
25   breached their promises and misrepresentations when, upon information and belief,
26   Defendant Xiao Ming and other officers of Defendants Kandi, Kandi China, Zhejiang
27   declared that Plaintiff Wang was merely an employee of Defendants Kandi, Kandi China,

28

1 | Zhejiang, who was entitled to no more than a salary, and who had no ownership interest
2 | in Plaintiff Seaseng or any of the Defendants.

3 |        116.   In reliance on Defendant Xiao Ming's promises, Plaintiff Wang expended
4 | substantial time and efforts in assisting Defendants Kandi, Kandi China, Zhejiang and
5 | Xiao Ming to establish their presence in California and in using his company Plaintiff
6 | Seaseng to effectuate the sale of Kandi products.

7 |        117.   Defendants Kandi, Kandi China, Zhejiang and Xiao Ming never intended to
8 | perform them when they excluded Plaintiff Wang from distributorship and ownership
9 | agreements while seeking to appropriate Plaintiff Seaseng as their own subsidiary
10 | company.

11 |        118.   Plaintiff Wang would not have agreed to work for or with Defendants
12 | Kandi, Kandi China, Zhejiang and Xiao Ming and devote his time and efforts to market
13 | and sell their products in California if he knew they only intended to breach their
14 | promises.

15 |        119.   Through false promises of a long-term distributorship and co-ownership
16 | agreements between Defendants Kandi, Kandi China, Zhejiang and Plaintiff Seaseng,
17 | Defendant Xiao Ming fraudulently induced Plaintiff Wang to work for Defendants Kandi,
18 | Kandi China, Zhejiang, and/or Mengdeli.

19 |        120.   In reality, Defendant Xiao Ming planned to breach all of his promises when
20 | convenient after he and his son Defendant Wang Yuan had an opportunity to steal all of
21 | Plaintiff Seaseng's customers and information and after they no longer needed Plaintiff
22 | Wang's services.

23 |        121.   Defendants Kandi, Kandi China, Zhejiang and Xiao Mings's actions
24 | constitute fraudulent conduct.

25 |        122.   Plaintiff Wang suffered damages as a direct and proximate result of the
26 | Defendants' fraudulent misrepresentations.

27
28

**FIFTH CAUSE OF ACTION**

**INTERFERENCE WITH EXISTING CONTRACTUAL AGREEMENTS**

(Defendants Xiao Ming, Wang Yuan)

123. Plaintiffs incorporate each of the foregoing allegations as if fully set forth herein.

124. At all times relevant hereto, Defendants Xiao Ming and Wang Yuan acted as officers or directors of Defendants Kandi, Kandi China, and/or Zhejiang.

125. Defendants Xiao Ming and Wang Yuan acted in breach of their fiduciary duties and contrary to the interests of their companies and exceeded the scope of their authority when they made promises to Plaintiffs Seaseng and Wang that they did not intend to fulfill, when they made threats to Plaintiff Wang and his relatives, and when they misappropriated Plaintiff Seaseng's trade secrets and sanctioned the filing of frivolous lawsuits against Plaintiffs Seaseng and Wang.

126. Acting out of their self interest, Defendants Xiao Ming and Wang Yuan thereby interfered with the existing contractual agreements between Plaintiff Seaseng and Defendants Kandi, Kandi China, Zhejiang, causing Defendants Kandi, Kandi China, Zhejiang to wrongfully terminate the distributorship agreement with Plaintiff Seaseng.

127. By stealing Plaintiff Seaseng's corporate documents and, upon information and belief, by soliciting Plaintiff Seaseng's customers, Defendants Xiao Ming and/or Wang Yuan impeded the existing contractual relationships between Plaintiff Seaseng and its customers.

///
///
///
///
///
///

**SIXTH CAUSE OF ACTION**

**INTERFERENCE WITH PROSPECTIVE BUSINESS OPPORTUNITIES AND**

**CUSTOMER RELATIONS**

(Defendants Xiao Ming, Wang Yuan)

128.    Plaintiffs incorporate each of the foregoing allegations as if fully set forth herein.

129.    At all times relevant hereto, Defendants Xiao Ming and Wang Yuan acted as officers or directors of Defendants Kandi, Kandi China, and/or Zhejiang.

130.    By wrongfully terminating Plaintiff Seaseng as a distributor, Defendants Xiao Ming and Wang Yuan also interfered with Plaintiff Seaseng's prospective business opportunities.

131.    By directing the Defendant companies to not supply replacement parts, Defendants Xiao Ming's and Wang Yuan's actions caused substantial loss of business to Plaintiffs.

132.    Defendants Xiao Ming's and Wang Yuan's actions amount to interference with existing contractual relationship between Defendants Kandi, Kandi China, Zhejiang and Plaintiff Seaseng

133.    Defendants Xiao Ming's and Wang Yuan's actions also amount to interference with prospective contractual relationships of Plaintiff Seaseng with its customers.

134.    Plaintiff Seaseng sustained damages as a direct and proximate result of the Defendants Xiao Ming's and Wang Yuan's interference.

**SEVENTH CAUSE OF ACTION**

**WRONGFUL INSTITUTION OF CIVIL PROCEEDINGS AND/OR ABUSE OF**

**PROCESS**

(Defendants Kandi, Kandi China, Zhejiang)

135.    Plaintiffs incorporate each of the foregoing allegations as if fully set forth herein.

1   136.   Defendants Kandi, Kandi China, and/or Zhejiang instituted frivolous civil
2   proceedings against Plaintiffs on at least two occasions.

3   137.   Defendants Kandi, Kandi China, and/or Zhejiang did so out of malice and
4   with intent to harass Plaintiffs Seaseng and Wang.

5   138.   Defendants Kandi, Kandi China and/or Zhejiang engaged in unfair and
6   unlawful practices to extort monies from Plaintiffs Seaseng and Wang.

7   139.   Defendants Kandi, Kandi China and/or Zhejiang did not have a good cause
8   to assert claims against Plaintiffs Seaseng and Wang.

9   140.   The first two lawsuits instituted by Defendants Kandi, Kandi China and/or
10  Zhejiang against Plaintiffs Seaseng and Wang terminated favorably to Plaintiffs.

11  141.   As a result of Defendants Kandi, Kandi China and Zhejiang's actions,
12  Plaintiffs Seaseng and Wang sustained damages, including incurring substantial
13  attorneys' fees.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF LANHAM ACT SECTION 43(A)

(Defendants Wang Yuan, Xiao Ming)

17  142.   Plaintiffs incorporate each of the foregoing allegations as if fully set forth
18  herein.

19  143.   Defendants have made false and misleading representations of fact
20  regarding the affiliation, connection, and association of Defendants with Plaintiff
21  Seaseng, including but not limited to false representations that Plaintiff Seaseng is a
22  subsidiary of or otherwise owned or controlled by Defendants.

23  144.   Defendants have also made false and misleading representations of fact as
24  to the origin, sponsorship, or approval of Plaintiff Seaseng's goods and services.

25  145.   Plaintiff Seaseng sustained damages as a direct and proximate result of
26  Defendants' false and misleading statements.

27
28

1
2
3

**NINTH CAUSE OF ACTION**

**TRADE SECRET MISAPPROPRIATION/INVASION OF PRIVACY**

(Defendants Wang Yuan, Xiao Ming)

4     146.   Plaintiffs incorporate each of the foregoing allegations as if fully set forth
5  herein.

6     147.   Plaintiff Seaseng's corporate documents, including but not limited to its
7  customer list, know-how information and corporate minutes, constitute trade secrets that
8  Plaintiff Seaseng guarded from disclosures and kept confidential.

9     148.   Without Plaintiff Seaseng's or Wang's permission or authority to do so,
10  Defendant Wang Yuan stole the confidential trade secrets of Plaintiff Seaseng.

11     149.   Upon information and belief, Defendant Wang Yuan acted at the direction
12  of or in agreement with Defendant Xiao Ming.

13     150.   Plaintiff Seaseng sustained damages as a direct and proximate result of the
14  Defendants Xiao Mings's and Wang Yuan's misappropriation of its trade secrets and
15  invasion of Plaintiff's confidences.

16
17

**TENTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

18    (Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming, Wang Yuan)

19     151.   Plaintiffs incorporate each of the foregoing allegations as if fully set forth
20  herein.

21     152.   Unfair competition occurs when a person engages in any unlawful, unfair
22  or fraudulent business act or practice.  Cal.Bus. & Prof.Code § 17200.

23     153.   Defendants Kandi, Kandi China, Zhejiang, Mengdeli unlawfully stole
24  confidential trade secrets from Plaintiffs and then used these trade secrets for their own
25  gain.

26     154.   Defendants Kandi, Kandi China, Zhejiang, Mengdelie subsequently started
27  a business located within a five mile radius of Plaintiffs' location of business to directly
28  compete with Plaintiffs.

1    155.   Defendants Kandi, Kandi China, Zhejiang, Mengdeli engaged in practices
2  that harmed its competitor Plaintiff Seaseng, including deceit and fraud.

3    156.   Plaintiff Seaseng sustained damages as a direct and proximate result of the
4  deceptive practices engaged by Defendants Kandi, Kandi China, Zhejiang, Mengdeli,
5  Xiao Ming and Wang Yuan.

6                          **ELEVENTH CAUSE OF ACTION**

7                      **INFLICTION OF EMOTIONAL DISTRESS**

8                          (Defendants Wang Yuan, Xiao Ming)

9    157.   Plaintiffs incorporate each of the foregoing allegations as if fully set forth
10  herein.

11    158.   On more than one occasions, Defendants Wang Yuan and Xiao Ming
12  threatened Plaintiff Wang and his relatives.

13    159.   Defendants' threats are severe in that they are death threats and, upon
14  information and belief, included actual beatings of employees who work for Plaintiff
15  Wang's parents in China.

16    160.   Given that Defendant Xiao Ming uses a body guard (who actually made a
17  threat on behalf of Xiao Ming), Plaintiff Wang became so concerned with his life and
18  well being that he is considering hiring his own body guard if he ever needs to return to
19  China.

20    161.   On or about January 15, 2009, upon information and belief, without lawful
21  authority, Defendants Xiao Ming and Wang Yuan caused a notice of prosecution to be
22  posted in China for Plaintiff Wang's arrest.

23    162.   Defendants Xiao Ming's and/or Wang Yuan's threats exceed the
24  boundaries of permissible.

25    163.   Defendants' threats are serious in that they threaten commission of bodily
26  harm to Plaintiff Wang and his family, and threaten criminal prosecution in China.
27  Defendants have demonstrated their use of civil process in the United States for an
28  improper purpose.

1   164.   Defendants Wang Yuan and Xiao Ming resorted to these illegal threats in
2   order to collect an unlawful debt/monies that neither Plaintiff Wang nor Plaintiff Seaseng
3   owe to them or their companies.

4   165.   Defendants Wang Yuan's and Xiao Ming's threats were intended to subdue
5   Plaintiff Wang's will so that he surrenders his legal and ownership rights in Plaintiff
6   Seaseng and pays to Defendants sums which he does not owe to them.

7   166.   As a direct and proximate result of Defendants Wang Yuan's and Xiao
8   Ming's threats and other racketeering activity, Plaintiff Wang suffered and continues to
9   suffer a severe emotional distress that no reasonable person should be expected to endure.

10   167.   Plaintiffs sustained damages as a result of Defendants' conduct.

11                        **TWELFTH CAUSE OF ACTION**
12                             **DECLARATORY RELIEF**
13                  (Defendants Kandi, Kandi China, Zhejiang, Mengdeli)

14   168.   Plaintiffs incorporate each of the foregoing allegations as if fully set forth
15   herein.

16   169.   Plaintiffs know of no other equally plain, speedy and adequate remedy
17   other than seeking declaratory relief.

18   170.   Plaintiffs seek declaratory relief to conclusively establish that Defendants
19   Kandi, Kandi China, and Zhejiang have 0% ownership interest in Plaintiff Seaseng.

20   171.   Plaintiffs seek declaratory relief to conclusively establish that Plaintiffs
21   Seaseng or Wang owe no monies to Defendants Kandi, Kandi China, Zhejiang, or
22   Mengdeli.

23                        **THIRTEENTH CAUSE OF ACTION**
24                              **INJUNCTIVE RELIEF**
25         (Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming, Wang Yuan)

26   172.   Plaintiffs incorporate each of the foregoing allegations as if fully set forth
27   herein.

28

1   173.   Plaintiffs seek to enjoin Defendants Kandi, Kandi China, Zhejiang,
2  Mengdeli, Xiao Ming, and Wang Yuan from harassing Plaintiff Wang or his family
3  members with extortionate threats, from any further attempts to illegally take over
4  ownership of Plaintiff Seaseng, and from any other racketeering activities intended to
5  collect an unlawful debt.

6                    **FOURTEENTH CAUSE OF ACTION**
7                           **QUANTUM MERUIT**

8   (Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming, Wang Yuan)

9   174.   Plaintiffs incorporate each of the foregoing allegations as if fully set forth
10  herein.

11   175.   On information and belief, Defendants Kandi, Kandi China, Zhejiang and
12  Xiao Ming have been enriched by the realization of a significant increase in the value of
13  their companies as a result of Plaintiffs Seaseng's and Wang's services.

14   176.   Plaintiffs Seaseng and Wang have been impoverished by actions of
15  Defendants Kandi, Kandi China, Zhejiang, Mengdeli, Xiao Ming and Wang Yuan and/or
16  their repudiation of contractual duties under the distributorship, stock exchange or
17  settlement agreements.

18   177.   It would be inequitable to allow Defendants Kandi, Kandi China, Zhejiang,
19  Mengdeli, Xiao Ming and Wang Yuan to retain the benefits conferred upon them by
20  Plaintiffs Seaseng's and Wang's performance.

21   178.   Plaintiffs sustained damages as a result of Defendants' conduct.

22   179.   Defendants should disgorge an amount sufficient to compensate Plaintiffs
23  Seaseng and Wang for their services performed for Defendants Kandi, Kandi China,
24  Zhejiang, Mengdeli, Xiao Ming and Wang Yuan, including but not limited to processing,
25  customs handling, storage, marketing, advertising, sales, training and other administrative
26  work.

27   WHEREFORE, Plaintiff prays for judgment against Defendants, Kandi, Kandi
28  China, Zhejiang, Mengdeli, Xiao Ming, Wang Yuan, and each of them, as follows:

1.    For actual, compensatory and consequential damages in an amount to be determined at trial, but in no event less than one million dollars.

2.    For threefold the damages actually sustained and the costs of suit, in a sum not less than $3,000,000, including reasonable attorneys' fees, pursuant to 18 U.S.C.A. § 1964(c) with interest thereon at the legal rate of 10 percent ( %) per annum.

3.    For such other and further relief as the Court may deem appropriate pursuant to 18 U.S.C.A. § 1964.

4.    For pre- and post judgment interest at the highest rate allowed by law.

5.    For costs and attorneys' fees incurred as a result of Defendants' actions.

6.    For declaration that Defendants have no ownership interest in Plaintiff Seaseng and that Plaintiffs do not owe any monies to Defendants.

7.    For injunction against harassment.

8.    For punitive damages.

9.    For such other and further relief as the Court may deem proper and just.

DATED: October 1, 2009                     LAPIDUS & LAPIDUS, P.L.C.

                                                    – and –

                                           POLSINELLI SHUGHART PC


                                           By: _____
                                                Carlyle (Cary) Hall III
                                                Attorneys for Plaintiffs

1

## DEMAND FOR TRIAL BY JURY

2        Plaintiffs hereby demand a trial by jury of all issues which may be tried to a jury.

3

4     DATED: September __, 2009                    POLSINELLI SHUGHART PC

5

6

7                                          By: _____
                                               Carlyle (Cary) Hall III
8                                              Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27
COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV09- 7145 JFW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CARLYLE (CARY) W. HALL III (CA Bar No.
184842)
POLSINELLI SHUGHART PC
Security Title Plaza
3636 N. Central Ave., Suite 1200
Phoenix, AZ 85012 Tel:(602)650-2000

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONG WANG, an individual; SEASENG, INC., a/k/a KMD POWERSPORTS, a California corporation,<br><br>PLAINTIFF(S)<br>v.<br>ZHEJIANG KANDI VEHICLES CO., LTD., a/k/a KANDI TECHNOLOGIES CORP, a foreign corporation; KANDI TECHNOLOGIES CORP., a Delaware Corporation, f/k/a STONE MOUNTAIN RESOURCES, INC.; ZHEJIANG YONGKANG TOP IMPORT AND EXPORT CO. LTD., a/k/a DINGJI, a foreign corporation; ZHEJIANG MENGDELI ELECTRONIC CO., LTD.; a foreign corporation; XIAO MING HU, an individual; WANG YUAN HU, an individual<br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-714  JFW  (JEMx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S):   ZHEJIANG KANDI VEHICLES CO., LTD., a/k/a KANDI TECHNOLOGIES CORP, a foreign corporation; KANDI TECHNOLOGIES CORP., a Delaware Corporation, f/k/a STONE MOUNTAIN RESOURCES, INC.; ZHEJIANG YONKANG TOP IMPORT AND EXPORT CO. LTD., a/k/a DINGJI, a foreign corporation; ZHEJIANG MENGDELI ELECTRONIC CO., LTD.; a foreign corporation; XIAO MING HU, an individual; WANG YUAN HU, an individual

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Carlyle (Cary) W. Hall III_____, whose address is _Polsinelli Shughart PC, 3636 N. Central Ave., Suite 1200 Phoenix AZ 85012_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  __0 1 OCT 2009__

By: _Shea Benjin_

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)
CONG WANG, an individual; SEASENG, INC., a/k/a KMD POWERSPORTS, a California corporation

**DEFENDANTS** ZHEJIANG KANDI VEHICLES CO., LTD., a/k/a KANDI TECHNOLOGIES CORP, a foreign corporation; KANDI TECHNOLOGIES CORP., a Delaware Corporation, f/k/a STONE MOUNTAIN RESOURCES, INC.; ZHEJIANG YONKANG TOP IMPORT AND EXPORT CO. LTD., a/k/a DINGJI, a foreign corporation; ZHEJIANG MENGDELI ELECTRONIC CO., LTD.; a foreign corporation; XIAO MING HU, an individual; WANG YUAN HU, an individual

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Polsinelli Shughart PC
Security Title Plaza, 3636 N. Central Ave., Suite 1200
Phoenix, AZ 85012, Tel:(602) 650-2000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)
□ 2 U.S. Government Defendant  □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □1 | □1 | Incorporated or Principal Place of Business in this State | □4 | □4 |
| Citizen of Another State | □2 | □2 | Incorporated and Principal Place of Business in Another State | □5 | □5 |
| Citizen or Subject of a Foreign Country | □3 | □3 | Foreign Nation | □6 | □6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** □ Yes ☑ No  ☑ MONEY DEMANDED IN COMPLAINT: $ not less than 3,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. 1962 -- Civil RICO action for fraudulent and unlawful attempts to take over Plaintiffs' business; Lanham Act unfair competition 15 U.S.C 1125;state law claims

**VII. NATURE OF SUIT** (Place an X in one box only.)

□ 400 State Reapportionment
□ 410 Antitrust
□ 430 Banks and Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation
☑ 470 Racketeer Influenced and Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Sat TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 890 Other Statutory Actions
□ 891 Agricultural Act
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 895 Freedom of Info. Act
□ 900 Appeal of Fee Determination Under Equal Access to Justice
□ 950 Constitutionality of State Statutes

□ 110 Insurance
□ 120 Marine
□ 130 Miller Act
□ 140 Negotiable Instrument
□ 150 Recovery of Overpayment & Enforcement of Judgment
□ 151 Medicare Act
□ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
□ 153 Recovery of Overpayment of Veteran's Benefits
□ 160 Stockholders' Suits
□ 190 Other Contract
□ 195 Contract Product Liability
□ 196 Franchise

□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

PERSONAL INJURY
□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Fed. Employers' Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Personal Injury-Med Malpractice
□ 365 Personal Injury-Product Liability
□ 368 Asbestos Personal Injury Product Liability

□ 462 Naturalization Application
□ 463 Habeas Corpus-Alien Detainee
□ 465 Other Immigration Actions

PERSONAL PROPERTY
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

□ 441 Voting
□ 442 Employment
□ 443 Housing/Acco-mmodations
□ 444 Welfare
□ 445 American with Disabilities - Employment
□ 446 American with Disabilities - Other
□ 440 Other Civil Rights

□ 510 Motions to Vacate Sentence Habeas Corpus
□ 530 General
□ 535 Death Penalty
□ 540 Mandamus/ Other
□ 550 Civil Rights
□ 555 Prison Condition

□ 610 Agriculture
□ 620 Other Food & Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 R.R. & Truck
□ 650 Airline Regs
□ 660 Occupational Safety /Health
□ 690 Other

□ 710 Fair Labor Standards Act
□ 720 Labor/Mgmt. Relations
□ 730 Labor/Mgmt. Reporting & Disclosure Act
□ 740 Railway Labor Act
□ 790 Other Labor Litigation
□ 791 Empl. Ret. Inc. Security Act

□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

□ 861 HIA (1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g))
□ 864 SSID Title XVI
□ 865 RSI (405(g))

□ 870 Taxes (U.S. Plaintiff or Defendant)
□ 871 IRS-Third Party 26 USC 7609

CV09-714

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (both plaintiffs) | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware (Kandi Technologies Corporation)<br>People's Republic of China (all other defendants) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 21, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |